JOSEPH PACKARD *vs.* ALFRED CLAPP.

In an action on a promissory note, to which the defence was breach of warranty, and false and fraudulent representations, the defendant contended that the burden of proof was on the plaintiff, and that if, on the whole evidence, the jury were in doubt upon the warranty or the fraud, the defendant should have the benefit of the doubt; but requested no instructions beyond what the judge gave, which were that the production of the note made a *prima facie* case, and the plaintiff would be entitled to recover, unless it appeared that there was a breach of warranty or false representations as claimed by the defendant. *Held*, that the defendant had no ground of exception.

ACTION OF CONTRACT upon a promissory note. Answer, that the note was given in payment for horses, a wagon and harness sold by the plaintiff to the defendant, and falsely and fraudulently represented and warranted by the plaintiff to be fit for the defendant's service, when they were not.

At the trial in the court of common pleas in Hampshire, the defendant's counsel argued to the jury that the burden of proof being on the plaintiff to prove the consideration of the note, if, on the whole evidence, the jury were in doubt whether there was a warranty and breach thereof, or whether the sale was effected by such false and fraudulent representations, the defend-

ant should have the benefit of such doubt; and the plaintiff's counsel, in his closing argument, did not controvert this.

*Aiken,* J. instructed the jury that the production of the note (the signature to which was admitted) made a *prima facie* case for the plaintiff, and was *prima facie* evidence of consideration ; and that upon this evidence the plaintiff would be entitled to recover, unless it was made to appear that there was a warranty and a breach thereof, or false representations, as alleged by the defendant. No request was made by either party for other or different instructions upon this point. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*S. T. Spaulding,* for the defendant, cited *Delano* v. *Bartlett,* 6 Cush. 368; *Parish* v. *Stone,* 14 Pick. 210, 211; *Burnett* v *Smith,* 4 Gray, 50; *Burnham* v. *Allen,* 1 Gray, 500.

*C. Delano,* for the plaintiff, was stopped by the court.

METCALF, J. The instructions to the jury were conformed to the rules of law. And if the defendant wished that they should be more special as to the single point which he had argued to the jury, and which the plaintiff had not controverted, he should have requested the judge to make them so.

*Exceptions overruled.*